SETTLEMENT AGREEMENT

WHEREAS, WENDY RIVAS ("RIVAS"), filed a civil action in the United States District Court for the Eastern District of New York, entitled <u>Wendy Rivas v. JCA Food Corp. d/b/a Foodtown, JJC Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, New Food Corp. d/b/a/ Foodtown, SWF Food Corp. d/b/a Foodtown, Jason Ferreira and Pedro Vizcaino</u>, Civil Action No. 18-cv-3377 (hereinafter referred to as "Civil Action"), in which RIVAS asserts claims arising out of and relating to his employment with SWF Food Corp. (hereinafter "SWF"); and

WHEREAS, Defendants New Food Corp., JCA Food Corp., JJC Food Corp, SWF, Mother Food Corp., Jason Ferreira, and Pedro Vizcaino (collectively referred to as "Defendants") believe they acted lawfully and properly in all respects;

WHEREAS, a settlement conference was conducted in this matter on October 16, 2018, before Hon. James Orenstein, U.S.M.J., at which time the parties reached an agreement as to the resolution of this matter, which provided for the completion and execution of a Settlement Agreement; and

WHEREAS, the parties wish to settle this matter in a manner that will obviate the need for further litigation of this action;

NOW, THEREFORE, it is hereby agreed and understood as follows:

1.      RIVAS's last day of employment with SWF will be October 31, 2018.

2.      RIVAS, for and in consideration of the payment of monies set forth in paragraph 5 herein, , forever releases and discharges the Defendants, their parents, subsidiaries, affiliates, officers, directors, employees, heirs, executors, administrators, trustees, legal representatives, successors and assigns, from any and all claims, demands, causes of action, fees and liabilities

arising under the Fair Labor Standards Act of 1938 and the New York State Labor Law, including but not limited to, the nonpayment or underpayment of wages, benefits or other compensation and for violations of the New York Wage Theft Prevention Act, whether known or unknown, from the beginning of the world up to and including the execution date of this Agreement. Those claims released include, but are not limited to claims for alleged unpaid wages, lost wages, benefits or other compensation, liquidated damages, statutory penalties or interest, attorneys' fees, costs, breach of contract (express or implied) with respect to the payment of wages, unjust enrichment with respect to the payment of wages, retaliation or wrongful discharge under the Fair Labor Standards Act of 1938 of the New York State Labor Law with respect to a complaint about wages, unpaid or underpaid rest or meal breaks, spread of hours compensation and recordkeeping. Plaintiff further acknowledges that he may later discover facts in addition to, or different from, those which he now knows or believes to be true with respect to the subject matter of the Agreement. Plaintiff agrees that any such difference in the facts shall not affect the Agreement, that Plaintiff assumes the risk of any such difference in the facts, and that he further agrees that the Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

3.    RIVAS further understands and agrees that this Agreement is made conditional upon receipt by Defendants' counsel of a copy of this Agreement fully executed by RIVAS. No payment shall be made under this Settlement Agreement until (1) Defendants' counsel shall have received from RIVAS a fully executed copy of this Settlement Agreement (2) RIVAS's counsel has executed a Stipulation of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, and (3) the Court approves this Settlement Agreement and dismisses the case with prejudice.

39479140
69430581

Should the Court not approve this Settlement Agreement, this Settlement Agreement shall become null and void in all respects.

4.      In consideration for the Release and other undertakings contained herein, Defendants shall pay to or on behalf of RIVAS the total sum of EIGHTY-FIVE THOUSAND ($85,000.00) DOLLARS.  Payment of said amount shall be made in accordance with the following schedule:

a)      Within thirty (15) days of RIVAS's satisfactions of the requirements set forth in paragraph 4 above , Defendants  shall make initial payments as follows:  (1) a check payable to "Moser Law Firm, PC", as attorneys in the sum of $19,000.00,  and (2) a check payable to "Moser Law Firm, P.C." in the sum of $16,000.00 representing Plaintiff's attorneys' fees and costs; and

b)      The remaining FIFTY THOUSAND DOLLARS ($50,000.00) shall be made in sixty (50) equal weekly installments of ONE THOUSAND DOLLARS ($1,000.00).  There shall be no interest charged during the payout period.  The first weekly installment shall be due within thirty (30) days from the transmission of the Initial Payment.  The checks for the weekly installments shall be payable to "Wendy Rivas."

5.      RIVAS understands and represents that he accepts full, complete, sole and entire responsibility for any and all tax obligations or liability arising out of this, and that he is responsible for the payment of any and all federal, state and local taxes which may be determined to be due as a result of these payments, and that he shall pay such taxes at the time and in the amount required of him.  In addition, RIVAS agrees that he shall indemnify and hold harmless Defendants from payment of any and all taxes, interest, or penalties that may be required of any of them by any government agency at any time as a result of the payment(s) in

3

paragraph 5(a). RIVAS further acknowledges that neither Defendants nor any of their representatives or attorneys have made any promise, representation, or warranty, express or implied, regarding the tax consequences of the payment.

6.    RIVAS acknowledges and agrees that as a material condition of this settlement and his receipt of the funds set forth in this Agreement, he shall resign from his employment with SWF. Such resignation will be effective October 31, 2018, which as stated above, will be RIVAS's last day of employment with SWF.

7.    RIVAS understands and agrees that the payment of monies herein set forth does not constitute an admission by Releasees of liability or violation of any applicable law, any contract provision or policy or any rule or regulation, as to which Releasees expressly deny any such liability or violation.

8.    RIVAS further understands and agrees that Defendants shall not be under any obligation to reinstate him as an employee or to consider him for employment or re-employment. RIVAS agrees not to apply for employment with Defendants.

9.    RIVAS represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representation or statement made by any of the Releasees, or by any of the Releasees' agents, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement.

10.    RIVAS understands that this Agreement affects significant rights and acknowledges that he has been advised to consult with an attorney prior to executing this Agreement, and that he did in fact consult with an attorney prior to executing this Agreement. RIVAS also acknowledges that he has been afforded a reasonable period of time to consider and

39479140
69430581

voluntarily approve the terms of this Agreement.  RIVAS further acknowledges that he is
receiving consideration in addition to anything of value to which he is already entitled by virtue
of his employment with SWF or otherwise, and that he relies entirely upon his own judgment,
beliefs and interests and the advice of counsel and that he executes this Agreement fully,
voluntarily of his own free will and that he understands the terms and conditions herein.

11.     Defendants agrees that in response to any request for a reference by any
prospective employer of RIVAS, Defendants will limit such response to title and dates of
employment. RIVAS shall instruct all prospective employers who seek such a reference to direct
any inquiry in writing to Jason Ferreira, SWF Food Corp., 3367 Hillside Avenue, New Hyde
Park, NY 11040.  Any inquiry made of an individual with Defendants not identified in this
paragraph is outside the scope of, and not governed by, this Agreement and such an inquiry and
any response thereto will not be treated as a breach of this Agreement.

12.     The parties agree that this agreement may be enforced in any court of competent
jurisdiction.  In the event of any litigation arising from breach of this agreement, the prevailing
party shall be entitled to recover from the non-prevailing party all reasonable costs incurred
including court costs, attorneys' fees, and all other related expenses incurred in such litigation.

13.     This Agreement shall in all respects be interpreted, enforced, and governed under
the laws of State of New York.  The language of all parts of this Agreement shall in all cases be
construed as a whole, according to its fair meaning and not strictly for or against any of the
parties.  Should any provision of this Agreement be declared or be determined by any court of
competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and
enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

39479140
69430581

illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement.

14.      This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and replaces any and all prior agreements, stipulations or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT , FULLY UNDERSTAND IT AND VOLUNTARILY AGREE TO IT.

DEFENDANTS NEW FOOD CORP., JCA FOOD CORP., JJC FOOD CORP., SWF FOOD CORP., MOTHER FOOD CORP., JASON FERREIRA, AND PEDRO VIZCAINO

By: _____

WENDY RIVAS

Dated: __12/6/2018__, 2018

Dated: _____, 2018

6

39479140
69430581